# CASES

## ARGUED AND DETERMINED;

IN THE

# SUPREME COURT OF MINNESOTA.

## IN JANUARY TERM, 1857.

———◆———

FRANKLIN STEELE, Plaintiff in Error, *vs.* PATRICK MALONY, Defendant in Error.

Technical objections to the array or to a single Juror must be made before verdict is rendered, unless there was fraud or collusion used in the selection of the Jury and it is shown that the party objecting has been prejudiced thereby.

Where the Jurors named in the original venire had all been discharged, and the Court ordered a special venire,—HELD, That the Jurors so summoned were competent to try a cause, under Sec. 32, page 289, Rev. Stat. Minnesota.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Opinion of the Court contains sufficient reference to the history of the cause to enable us to understand the issues in the Supreme Court.

Points and authorities of Plaintiff in Error:

*First.* The case was not tried by a jury in contemplation of law.

*Second.* The jury which tried the case was not chosen or selected or drawn or summoned according to law.

*Third.* There was no jury returned at the opening of the Court, as required by law, or drawn for the term.

*Fourth.* The jurors who tried the case were not selected by the officers appointed by law to select the same.

*Fifth.* There were only twelve jurors returned at the opening of Court, and for the term upon the original venire.

*Sixth.* All the jurors who had been returned on the original venire had been discharged at the time the said cause was tried.

*Seventh.* Joseph Lindsley, one of the jurors who tried the cause, was unqualified to act as a juror—the said Lindsley not having resided six months within the Territory.

*Eighth.* The verdict and the judgment thereon, upon the grounds aforesaid, were irregular and void.

*Ninth.* The proceedings were irregular, as also the orders for special venires of jurors.

Authorities: *Secs.* 146—151, *chap.* 126, *R. S. p.* 556; *Secs.* 160, 161, *chap.* 126, *R. S.* 557; *Secs.* 2, 6, *and* 7, *chap.* 115, *R. S.* 534; *Sec.* 14, *chap.* 71, *p.* 353, *R. S.; Morgan vs. Nye, Cro. Eliz.* 574; *Bacon's Abr. Am. Ed.* 1844, *5th vol. B. pp.* 318, 379, 381; *McMasters vs. Caruthers,* 1 *Burr,* 324; *Cooper vs. Bissell,* 16 *Johns.* 146; *Morrell vs. Newton,* 1 *Browne,* 205; *Shaffer vs. State,* 1 *How. Miss.* 238; *Drumgoold vs. Horne,* 1 *Hud. & Brooks,* 412; *McKinney vs. Smith, Hardin, Ky.* 167; *Cain vs. Cain,* 1 *B. Monroe,* 213.

Points and authorities relied upon by Defendant in Error:

*First.* The Defendant in Error objects to the third and fourth grounds stated for a new trial in Plaintiff in Error's motion papers, because the Judge's minutes are not set forth in the motion. The minutes of the Court are no part of the record, and should be served in the notice.

*Second.* There is no affidavit showing that there was any collusion of the officers impannelling the jury, or fraud, or that injustice has been done by the verdict on account of the alleged irregularity in impannelling the jury: and therefore the party cannot have a new trial for that cause. *Vide R. S.* 289, *sec.* 32; 2 *Graham & Waterman on New Trials,* 159, 160; *Commonwealth vs. Roly,* 12 *Pick.* 496; *The People vs. Vermilyea,* 7 *Cow.* 382; *The United States vs. Gilbert,* 2 *Sumner's R.* 19; *The King vs. Hart,* 4 *Barn. & Ald.* 430; *Hill vs. Yates,* 12 *East.* 229; *Cole vs. Perry,* 6 *Cow.* 584; *The People vs. Ranson,* 7 *Wend.* 417; *Amherst vs.*

Steele *v.* Malony.

*Haldley,* 1 *Pick.* 38 ; *Howland vs. Gifford,* 1 *Pickering,* 43 ; *The State vs. Harscill,* 4 *N. Hamp. R.* 352 ; *The King vs. Sutton,* 8 *Barn. & Cress.* 417 ; *Commonwealth vs. Norfolk,* 5 *Mass.* 435 ; *Enoss vs. Dayharsh,* 1 *Selden's R.* 531 ; *The State vs. Underwood,* 4 *Jredell,* 96 ; *The People vs. Griffin,* 2 *Barb. Sup. Court Rep.* 427 ; *Fenalty vs. The State,* 7 *Engl. Rep.* 630 ; *Page vs. The Inhab. of Danvers,* 7 *Mass. R.* 326.

If the objection does not go to the moral capacity and impartiality of the juror, nor to the fairness of the verdict, if the objection is not taken at the trial it will be deemed to have been waived. The Statute provides when the challenge must be taken (*R. S.* 559, *sec.* 174) ; and the venire must be returned into the Court, so that the party can know who are to form the panel (*R. S.* 536, *sec.* 8.) Not having challenged, nor shown collusion nor fraud, nor that any injustice has been done, nor that he was ignorant of the improper manner of impanelling the jury, the objection must be deemed to have been waived. *The State vs. Hascell,* 4 *N. Hamp.* 352 ; *Commonwealth vs. Norfolk,* 5 *Mass.* 435 ; *The State vs. Underwood,* 4 *Jredell,* 96 ; *Enos vs. Dayharsh,* 1 *Selden's R.* 531 ; *vide* 10 *John.* 107; 2 *ib.* 375 ; 9 *ib.* 352 ; 11 *ib.* 134 ; 9 *Bing.* 13 ; 6 *Taunt.* 460 ; 4 *Bar. & Ald.* 430 ; 2 *T. R.* 385.

*Third.* The objection that the juror Lindsley was not a qualified voter is not tenable. An affidavit of ignorance of the disqualification, if available in any case, cannot be so unless it is made by the party moving for a new trial.

But no affidavit would have been available in this case, since the party had the opportunity of knowing the matters objected to ; and also, because a distinction is made in the cases as to the ground of objection, for the purpose of ascertaining whether a new trial will be granted on such affidavit of ignorance or not.

If the objection goes to the moral capacity or impartiality of the juror, or any matter which goes to the fairness or impartiality of the verdict, a new trial will be granted ; but if the objection rests upon grounds purely technical, as the want of property, alienage, or the like—not at all affecting the moral capacity or impartiality of the juror, or of the justice of the verdict,—the rule does not apply. *The King vs. Sutton,* 8

*Barn. & Cress.* 417; *S. C.* 15; *Eng. Com. L. R.* 208; *Hollingsworth vs. Duain*, 4 *Dall.* 353; *Grenup vs. Stoker*, 3 *Gilman*, 202; *The People vs. Jewett*, 5 *Wend*, 386; *Presbury vs. Commonwealth*, 9 *Dona.* 203; *Queen vs. Hepburn*, 7 *Cranch*, 297.

HOLLINSHEAD & BECKER, and H. J. HORN, Counsel for Plaintiff in Error.

DE WITT C. COOLEY, Counsel for Defendant in Error.

*By the Court*—SHERBURNE, J. This action was brought by the Defendant in Error to recover the amount due upon a promissory note. The cause was tried before a jury of twelve men, and a verdict returned for the Defendant in Error. The errors alleged are in regard to the jury that tried the cause, —first, to the array : and second, to an individual juror. The objections were not made until after the jury had returned a verdict. The substance of the first objection is, that there were only twelve jurors returned at the opening of the Court, for the term, on the original venire, and that they had been discharged at the time this cause was tried.

The jurors who tried this cause were returned upon a special venire, which was issued by order of the Court. The following provision of statute would seem to furnish sufficient authority for issuing a special venire : " It shall be lawful for " the Judge of the District Court of either of the counties of " this Territory, when there shall happen to be a deficiency of " jurors *for any cause whatever*, to rule a special venire, through " the term or any days of the term, to the sheriff of the proper " county to summon a number of jurors sufficient to complete " the number of the original panel." *Rev. Stat. sec.* 32, *p.* 289.

It is contended that inasmuch as none of the original panel remained, this section of the Revised Statutes does not apply to this case; but I think the power exists, although, for obvious reasons, it should be exercised with great caution. Parties should, if possible, whenever they require it, be tried by a jury selected in the manner pointed out by the law for the selection of the original panel. But it often happens,—and

Steele *v.* Malony.

especially in a new country, inhabited by a mixed and constantly changing population,—that the original panel falls far short of the requisite number.    To remedy this deficiency, the Legislature gave to Courts the authority found in the section above quoted.

It is, however, unnecessary to inquire how far the authority of the Court extends in such cases when objection is seasonably made, because in the one before us none was made till after the return of the verdict of the jury.    This was too late. In the absence of fraud or collusion in the selection of a jury, an objection to the array, or to a single juror, is too late after the verdict : unless it is shown that the party objecting was prejudiced by the irregularity.    In other words, an objection which is merely technical in its character must be taken before the coming in of the verdict of the jury.    *Walker vs. Green,* 3 *Green. R.* 215 ; *Fellows' Case,* 5th *Green. R.* 333 ; *Amherst vs. Hadley,* 1 *Pick. R.* 38 ; *Howland vs. Gifford,* 1 *Pick. R.* 43 ; 6 *Cowen,* 584 ; 6 *Wendell R.* 389.

The objection to one of the jurors that tried the cause (Joseph Lindsley) was good if it had been made in season. He had not resided in the Territory six months.    But no suggestion is made that his selection grew out of any wrong intention, or that the Plaintiff in Error is injured by it.    He must, therefore, abide by the result.    To adopt a different rule would place verdicts upon a foundation so precarious that parties would never know when they were to approach the end of a lawsuit.    It would always give the defeated party additional trials, so long as he could find technical defects in the drawing, summoning or qualifications of jurors.    This cannot be supported by sound reasoning, and is opposed to the interests of the people and the policy of the law.

Judgment below affirmed.